UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MARLON TIMOTHY PITTMAN, #316518,

                      Plaintiff,

       -against-

CHRISTOPHER BROSI, Police Officer, Badge # 1265;
JOSEPH VELLA, Police Officer, Badge # 7125
TONI MARIE ANGELI, ESQ., Attorney at Law;

                    Defendants.
-------------------------------------------------------------------X

FILED
CLERK

6/15/2022 3:58 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**ORDER**
22-CV-01757 (JMA)(JMW)

**AZRACK, District Judge:**

      Before the Court is the application to proceed in forma pauperis filed by incarcerated pro se plaintiff Marlon Timothy Pittman ("Plaintiff") together with a complaint brought pursuant to 42 U.S.C. § 1983 ("Section 1983") against Suffolk County Police Officers Christopher Brosi, Badge # 1265 ("P.O. Brosi"), Joseph Vella, Badge # 7125 ("P.O. Vella"), and Plaintiff's criminal defense attorney in an underlying state court prosecution, Toni Marie Angeli, Esq. ("Angeli" and collectively "Defendants"). (See Complaint, ECF No. 1.) Plaintiff also filed an application to proceed in forma pauperis ("IFP") and Prisoner Litigation Authorization form ("PLRA"). (ECF Nos. 2-3.)

      Upon review of the declaration accompanying Plaintiff's IFP application, the Court finds that Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fee. See 28 U.S.C. § 1915(a)(1). Accordingly, the Court grants Plaintiff's IFP application and sua sponte dismisses the complaint, in part, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A(b)(1) for the reasons that follow.

I.   **BACKGROUND**[1]

Plaintiff's brief, handwritten complaint is submitted on the Court's Section 1983 complaint form.  Plaintiff alleges that, on August 27, 2021 at approximately 5:14 p.m. "in front of 35 O'Neill Avenue [in] Bayshore, NY" he was "stopped [by P.O. Brosi and P.O. Vella] without cause, handcuffed still without reason as to why this was happening and thrown to the ground with force hitting my face & head on the concrete."  (Compl., ECF No. 1 at 5-6.)  According to the complaint P.O. Brosi held Plaintiff down with his knee on Plaintiff's back and punched and hit Plaintiff "while using racially motivated comments."  (Id.)  Plaintiff also alleges that the officers illegally searched him and claims that the "L-shaped bulge" under his shirt did not justify the search and seizure.  (Id.)

With regard to defendant Angeli, who is alleged to be Plaintiff's court-appointed defense attorney, Plaintiff complains that she did not "put in a motion to dismiss the indictment" nor did she ensure that he could testify at the grand jury given that he had, at his arraignment, "stated on the record that I wanted to testify at the Grand Jury."  (Id. at 5-6.)  In the space that calls for a description of any claimed injuries, Plaintiff wrote "N/A".  (Id. at 6, ¶ II.A.)  For relief, seeks to recover a monetary award in the total sum of approximately $11 million.  (Id. at 7, ¶ III.)

II.   **DISCUSSION**

A.   **In Forma Pauperis Application**

Upon review of Plaintiff's declaration in support of his application to proceed IFP, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing

---

[1] All material allegations in the complaint are assumed to be true for the purpose of this Order, see, e.g., Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a *pro se* complaint for *sua sponte* dismissal, a court is required to accept the material allegations in the complaint as true.

fee. 28 U.S.C. ' 1915(a)(1). Therefore, Plaintiff's application to proceed IFP is granted.

**B.    Standard of Review**

The Prison Litigation Reform Act requires a district court to screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). Similarly, pursuant to the in forma pauperis statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(b).

Pro se submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997). In addition, the court is required to read a plaintiff's pro se complaint liberally and interpret it as raising the strongest arguments it suggests. United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

The Supreme Court has held that pro se complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); cf. Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, a pro se plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

**C.     Section 1983**

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 144 n. 3 (1979); Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999). In order to state a § 1983 claim, a plaintiff must allege two essential elements. First, the conduct challenged must have been "committed by a person acting under color of state law." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)); see also Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.") (internal quotation marks and citation omitted). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id.; see also Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999).

4

1.   **Section 1983 Claims Against Angeli**

It is well-established that Section 1983 "excludes from its reach merely private conduct, no matter how discriminatory or wrongful." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (internal quotation marks and citation omitted); Ciambriello v. Cnty. of Nassau, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). Here, because Angeli is alleged to be Plaintiff's court-appointed defense attorney in the underlying state court criminal proceedings (Compl. at 5-6), she is a private party who does not act under color of state law. It is long established that a "public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981); Rodriguez v. Weprin, 116 F.3d 62, 65-66 (2d Cir. 1997). However, a private actor, such as Angeli, may be considered to be acting under the color of state law for purposes of Section 1983 if the private actor was a "'willful participant in joint activity with the State or its agents.'" Ciambriello, 292 F.3d at 324 (quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970)). Section 1983 liability may also extend to a private party who conspires with a state actor to violate a plaintiff's constitutional rights. Ciambriello, 292 F.3d at 323-24. "To establish joint action, a plaintiff must show that the private citizen and the state official shared a common unlawful goal; the true state actor and the jointly acting private party must agree to deprive the plaintiff of rights guaranteed by federal law." Anilao v. Spota, 774 F. Supp. 2d 457, 498 (E.D.N.Y. 2011) (internal quotation marks and citation omitted). Alternatively, to show that there was a conspiracy between a private actor and the state or its agents, a plaintiff must provide evidence of "(1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act in furtherance of that goal causing damages." Ciambriello, 292 F.3d at 324-25.

Here, Plaintiff includes no factual allegations from which the Court could reasonably construe state action by Angeli as acting jointly with a state actor or by conspiring with a state actor to deprive Plaintiff of his constitutional rights. Thus, Plaintiff has not alleged a plausible conspiracy or joint actor claim. Accordingly, Plaintiff's Section 1983 claim against Angeli is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b).

### 2. Claims Against P.O. Brosi and P.O. Vella

Though thin, the Court declines to sua sponte dismiss Plaintiff's Section 1983 claims against P.O. Brosi and P.O. Vella at this early stage in the proceedings. Accordingly, the Court orders service of the summonses, the complaint and this Order by the United States Marshal Service ("USMS") forthwith.

### III.   CONCLUSION

For the forgoing reasons, the Plaintiff's application to proceed in forma pauperis is granted. However, plaintiff's complaint is dismissed sua sponte pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii) and 1915A(b)(1) for failure to state a claim for relief as against Angeli. Plaintiff's remaining claims against P.O. Brosi and P.O. Vella shall proceed. Accordingly, the Court orders service of the summonses, the complaint and this order upon these defendants forthwith.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

6

The Clerk of Court shall mail a copy of this Order to the Plaintiff at his last known address and note such service on the docket.

| | |
|---|---|
| **SO ORDERED.** | _/s/ (JMA)_____ |
| | Joan M. Azrack |
| Dated:   June 15, 2022 | United States District Judge |
| Central Islip, New York | |