**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------------X
MARLON TIMOTHY PITTMAN,

                *Plaintiff*,

            -against-

CHRISTOPHER BROSI, *et al.*,

                *Defendants*.
--------------------------------------------------------------X

                                                  ***SUA SPONTE***
                                                  **REPORT AND**
                                                  **RECOMMENDATION**
                                                  22-CV-01757 (JMA) (JMW)

**WICKS,** Magistrate Judge:

      *Pro se* Plaintiff Marlon Timothy Pittman commenced this action pursuant to 42 U.S.C. §

1983 ("Section 1983") on March 34, 2022, against Suffolk County Police Officers Christopher

Brosi, Badge # 1265 ("P.O. Brosi"), Joseph Vella, Badge # 7127 ("P.O. Vella"), and Plaintiff's

criminal defense attorney in an underlying state court prosecution, Toni Marie Angeli, Esq.

("Angeli" and collectively "Defendants") alleging he was unlawfully stopped, illegally searched

and arrested without cause, and subjected to physical violence coupled with racially motivated

comments by P.O. Brosi and P.O. Vella.  (ECF No. 1.)  Regarding defendant Angeli, Plaintiff

alleges that her assistance as counsel was ineffective.  (*Id.*)  Since the commencement of this

action over a year ago, *Pro se* Plaintiff has failed to comply with a multitude of Court orders –

including both discovery and status conference orders.

      The Court has made clear that Plaintiff's noncompliance would have repercussions,

including recommended dismissal, by forewarning that continued failure to abide by Court

orders would result will result in the undersigned recommending to the District Judge that the

case should be dismissed "for failure to prosecute under Fed. R. Civ. 41(b)."  (*See* ECF Nos. 40,

42.)  Because the warnings were not heeded, the Court now respectfully recommends *sua sponte* to the Hon. Joan M. Azrack that the action now be dismissed for failure to prosecute.

## **BACKGROUND**

On June 15, 2022, the Court dismissed Plaintiff's complaint as against Angeli for failure to state a claim pursuant to 28 U.S.C. §§1915(e)(2)(B)(i)-(ii) and 1915A(b)(1).  (ECF No. 6.) Plaintiffs remaining claims as against P.O. Brosi and P.O Vella were permitted to proceed.  *Id.* On October 18, 2022, an Initial Conference was held where a Scheduling Order was adopted, and Plaintiff was notified of his duty to keep the court informed of any address changes.  (ECF No. 16.)  In the same conference, the Court directed Plaintiff to appear for a Status Conference set for January 10, 2023 (the "January 10 Conference").  (Electronic Order Dated October 18, 2022.)

Plaintiff failed to appear at the scheduled January 10 Conference.  (ECF No. 21.) Defendant's counsel contacted the Groveland Correctional Facility, where Plaintiff was formerly incarcerated, and was informed that they were not aware of this scheduled Status Conference. (*Id.*)  The Status Conference was adjourned to January 20, 2023 (the "January 20 Conference"), and then further adjourned to February 8, 2023 (the "February 8 Conference").[1]  (ECF No. 21; Electronic Order Dated January 20, 2023.) Plaintiff appeared at the February 8 Conference, and Defendant's Counsel advised that the discovery requests they had sent to Plaintiff via mailed were returned with a marking indicating that Plaintiff refused to accept mail.  (Electronic Order Dated February 8, 2023.)  Plaintiff contended that he was not aware of "any such mail," and Defendant's Counsel stated that she would "resend the documents via certified mail along with

_____

[1] A representative from the Groveland Correctional Facility contacted Chambers and indicated that there was a security issue at the jail which prevented Pro Se Plaintiff from being able to attend the January 20 Conference. (Electronic Order Dated January 20, 2023).

an additional mailing method." (*Id.*)  An additional Status Conference was scheduled for May 1, 2023 (the "May 1 Conference").  (*Id.*)

At the May 1 Conference, Plaintiff contended he had "still" not received, and thus not responded to discovery requests served by Defendants.  (Electronic Order Dated May 1, 2023).  Defendant advised that copies were mailed to the facility with return receipt, and Plaintiff was directed to confer with the facility to locate his mail and ensure further mail was properly received.  (*Id.*)  Defendant noted that responses to Plaintiff's "recent" discovery requests were in progress and would be served via mail with return receipt soon.  (*Id.*)  Defendants were further instructed to file proof of service on ECF.  (*Id.*)  Plaintiff's deposition was re-scheduled for May 19, 2023, and Defendants were advised to file a motion for Writ of Habeas Corpus Ad Testificandum and arrange for an original copy to be picked up from chambers.  (*Id.*)  The Court arranged a Status Conference for June 9, 2023 (the "June 9 Conference"), to address discovery status and remaining deadlines.  (*Id.*)

Plaintiff failed to appear for the June 9 Conference in violation of this Court's May 1, 2023, Order (ECF No. 29.)[2]  On June 9, 2023, this Court issued an order directing Plaintiff to appear for another conference via the Court's AT&T Conference line scheduled for July 20, 2023 (the "July 20 Conference").  (ECF No. 32.)  Plaintiff appeared at the July 20 Conference, and he, along with Defendant's Counsel, informed the Court that Discovery remained outstanding including medical authorizations.  (ECF No. 36.)  The Court ordered that remaining dates and deadlines would be addressed at the next status conference via the Court's AT&T Conference line scheduled for September 15, 2023 (the "September 15 Conference").  (*Id.*)

---

[2] After several attempts by Groveland Correctional Facility to transfer the call to Pro se Plaintiff they were unable to connect Pro se Plaintiff to the call. (ECF No. 32.)

Following the July 20 Conference, Plaintiff has failed to appear at three court-ordered conferences. First, Plaintiff failed to appear for the September 15 Conference in violation of this Court's July 20, 2023, Order. (ECF No. 32.)[3] On September 15, the Court issued an order directing Plaintiff to "promptly update his address and contact information with the Court" and appear for another conference via the Court's AT&T Conference line scheduled for October 10, 2023 (the "October 10 Conference"). (ECF No. 38).

Second, Plaintiff failed to appear for the October 10 Conference.[4] (ECF No. 40.) On October 10, 2023, this Court issued an order directing Plaintiff to appear for another conference via the Court's AT&T Conference on November 14, 2023 (the "November 14 Conference") and warned Plaintiff that his failure to comply with the order "may result in a *sua sponte* Recommendation to the Hon. Joan M. Azrack recommending dismissal for failure to prosecute under Fed. R. Civ. 41(b)." (ECF No. 40.)

Third, Plaintiff failed to appear for the November 14 Conference, and did not otherwise contact the Court.[5] (ECF No. 42.) In a Minute Order, this Court advised Plaintiff that they "will be issuing a sua sponte recommendation to Hon. Joan M. Azrack that this case be dismissed for lack of Prosecution under Fed. R. Civ. 41(b)." (*Id.*) To date, Plaintiff has not responded to either order or otherwise contacted the Court.

**DISCUSSION**

---

[3] Defendants' counsel stated on the record that Pro Se Plaintiff was released from Groveland Correction Facility. (ECF No. 38).

[4] Defendants' counsel indicated that Pro Se Plaintiff was released from Groveland Correctional Facility on August 24, 2023, and indicated that Plaintiff was served with the Minute Order from September 15, 2023. (ECF No. 40.)

[5] Defendants' counsel contends that she served the Minute Order from the Status Conference held on October 10, 2023, upon Pro Se Plaintiff and did not hear from him. (*Id.*)

"Rule 41(b) of the Federal Rules of Civil Procedure authorizes the district court to dismiss an action '[i]f the plaintiff fails to prosecute or to comply with [the] rules or a court order'" *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (alterations in original) (quoting Fed. R. Civ. P. 41(b)); *see also Zappin v. Doyle*, 756 F. App'x 110, 111-12 (2d Cir. 2019) ("Although not explicitly authorized by Rule 41(b), a court may dismiss a complaint for failure to prosecute *sua sponte*" (citing *Spencer v. Doe*, 139 F.3d 107, 112 (2d Cir. 1998))).

"A district court considering a Rule 41(b) dismissal must weigh five factors: '(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.'" *Baptiste*, 768 F.3d at 216 (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). "No single factor is generally dispositive." *Id.* Here, the factors weigh in favor of dismissal.

*First*, Plaintiff has taken no action to prosecute his case in over four months, since he appeared for the Status Conference on July 20, 2023 (ECF No. 36.) "This period of inaction, over four months long, weighs strongly in favor of dismissal." *Pena v. Zazzle Inc.*, No. 21CV5819 (VEC) (RWL), 2022 WL 676009, at *3 (S.D.N.Y. Feb. 25, 2022) (collecting cases favoring dismissal after four months of inaction).

*Second*, upon the Plaintiff's first failure to comply with a Status Conference order, the Court put Plaintiff on notice that continued failure to comply with Court Orders "may result in a *sua sponte* Report and Recommendation to the Hon. Joan M. Azrack recommending dismissal for

failure to prosecute under Fed. R. Civ. 41(b)." (ECF No. 40.) Accordingly, this factor also weighs in favor of dismissal.

*Third*, any further delay is likely to prejudice Defendants. Plaintiff has failed, without explanation, to take any action in this case for a significant period of time. "Courts may presume such prejudice when, as here, petitioner has caused an 'unreasonable delay.'" *Leybinsky v. United States Citizenship & Immigr. Servs.*, No. 19CV6154 (RPK) (LB), 2020 WL 7295661, at *3 (E.D.N.Y. Dec. 2, 2020).

*Fourth*, the scale balancing the Court's interest with Plaintiff's interest decidedly tips in favor of dismissal. "This factor requires the Court to consider, in relation to each other, the Court's interest in managing its docket and the plaintiff's interest in receiving a fair chance to be heard." *Pena*, 2022 WL 676009, at *4. The Court has a strong interest in managing its docket and "cannot wait indefinitely" for Plaintiff to "turn his attention" to this case. *See id.* Indeed, Plaintiff's failure to obey Court orders or make an attempt to prosecute this case effectively dismisses his right to have the Court hear his claim. *See id.*

*Fifth*, any sanction less drastic than dismissal will be ineffective. Plaintiff has had numerous months to be heard, chances to cure his inaction, and warnings of possible dismissal. And still, he took no action. This indicates that is unlikely that any sanction short of dismissal will be effective. *See Thompson v. Rising Star Beauty Salon Inc.*, No. 15CV3716 (RRM)(RER), 2017 WL 3887870, at *2 (E.D.N.Y. Sept. 5, 2017) ("Given Thompson's failure to comply with the Court's order warning of possible dismissal, it is unlikely that a sanction short of dismissal would be effective").

## CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that this action be dismissed for Plaintiff's failure to prosecute.

## OBJECTIONS

Counsel for Defendant is directed to serve copies of this Report and Recommendation on *Pro Se* Plaintiff and file proof of service on ECF on or before November 17, 2023. Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report. 28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this Report and Recommendation either by the District Court or the Court of Appeals. *Thomas v. Arn*, 474 U.S. 140, 145 (1985) ("a party shall file objections with the district court or else waive right to appeal"); *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision"); *see Monroe v. Hyundai of Manhattan & Westchester*, 372 F. App'x 147, 147–48 (2d Cir. 2010) (same).

Dated:  Central Islip, New York
              November 16, 2023

RESPECTFULLY RECOMMENDED,

/s/ *James M. Wicks*
      JAMES M. WICKS
      United States Magistrate Judge