UNITED STATES DISTRICT COURT  
EASTERN DISTRICT OF NEW YORK  
------------------------------------------------------------------------X  
MARLON TIMOTHY PITTMAN,

                              Plaintiff,

      -against-

CHRISTOPHER BROSI, *Police Officer, Badge # 1265*,  
and JOSEPH VELLA, *Police Officer, Badge # 7125*,

                              Defendants.  
------------------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM & ORDER**  
22-CV-01757 (JMA) (JMW)

**AZRACK, United States District Judge:**

On March 24, 2022, pro se Plaintiff Timothy Pittman commenced this action against Suffolk County Police Officers Christopher Brosi, Badge # 1265, and Joseph Vella, Badge # 7127 (together, "Defendants") by filing a complaint alleging Plaintiff was unlawfully stopped, illegally searched, arrested without cause, and subjected to physical violence coupled with racially motivated comments by Defendants.[1] (See Complaint, ECF No. 1.)

While Plaintiff appeared at the October 18, 2022 initial conference before Magistrate Judge James M. Wicks and three subsequent conferences, Plaintiff failed to appear at three consecutive status conferences (in September, October, and November 2023, respectively) or otherwise comply with additional court orders. (See, e.g., ECF Nos. 38, 40, 42.) On November 16, 2023, Judge Wicks issued a sua sponte Report and Recommendation that this case be dismissed under Federal Rule of Civil Procedure 41(b) for failure to prosecute (the "R&R"). (ECF No. 44.) No objections to the R&R have been filed; the time for doing so has expired. For the reasons stated below, the R&R is adopted in its entirety.

---

[1]     The Complaint also asserted a claim against Toni Marie Angeli, Esq. for providing ineffective assistance of counsel when she was Plaintiff's criminal defense attorney in an underlying state court prosecution. (Complaint, ECF No. 1.) On June 15, 2022, the Court dismissed the claims against Ms. Anegli. (See ECF No. 6.)

"Where parties receive clear notice of the consequences, failure to timely object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." Smith v. Campbell, 782 F.3d 93, 102 (2d Cir. 2015) (quoting Mario v. P & C Food Mkts., Inc., 313 F.3d 758, 766 (2d Cir. 2002)); see also Phillips v. Long Island R.R. Co., 832 F. App'x 99, 100 (2d Cir. 2021) (same). In the absence of any objections, "the district court need only satisfy itself that there is no clear error on the face of the record." Estate of Ellington ex rel. Ellington v. Harbrew Imports Ltd., 812 F. Supp. 2d 186, 189 (E.D.N.Y. 2011) (internal citations omitted).

The Court has reviewed the record and the unopposed R&R for clear error and, finding none, hereby adopts the R&R in its entirety as the opinion of the Court. Accordingly, the Court dismisses this action under Federal Rule of Civil Procedure 41(b) for failure to prosecute. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum & Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this Memorandum & Order to Plaintiff at his address of record and close this case.

**SO ORDERED.**

Dated:   December 15, 2023
        Central Islip, New York

                                                    /s/ JMA
                                        JOAN M. AZRACK
                               UNITED STATES DISTRICT JUDGE